IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM POLITO, on behalf of himself and a class, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| LTD FINANCIAL SERVICES, LP; LTD FINANCIAL SERVICES I, INC.; and ADVANTAGE ASSETS II, INC., | ) ) ) ) |
| Defendants. | ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff William Polito brings this action to secure redress from unlawful credit and collection practices engaged in by defendant LTD Financial Services, LP ("LTD, LP") on behalf of defendant Advantage Assets II, Inc ("Advantage"). Also named is LTD Financial Services I, Inc. ("LTD, Inc."), the general partner of LTD Financial Services, LP. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### VENUE AND JURISDICTION

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, and 28 U.S.C. §1337

4. Venue and personal jurisdiction in this District are proper because:

   a. Defendants' collection communications and activities impacted plaintiff within this District;

    b.  Defendants transact business within this District;

    c.  Defendants are subject to personal jurisdiction within this District.

## PARTIES

  5.  Plaintiff is an individual who resides in this District.

  6.  Defendant LTD, LP is a limited partnership entity organized under Texas law with offices at 7322 Southwest Freeway #1600, Houston, Texas 77074. It does business in Illinois. Its registered agent and office is Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

  7.  LTD, LP is engaged in the business of a collection agency, collecting consumer debts allegedly owed to others. It states on its web site (http://www.ltdfin.com/about-us): "LTD Financial Services, LP is a nationally recognized, top-tier collection agency that provides collection services to premier credit grantors across the country."

  8.  LTD, LP regularly uses the mails and telephones to collect debts.

  9.  LTD, LP is a "debt collector" as defined in the FDCPA.

  10.  LTD, Inc., is a Texas corporation with offices at 7322 Southwest Freeway #1600, Houston, Texas 77074. It is the general partner of LTD , LP and all acts of  of LTD, LP are attributable to it.

  11.   Defendant Advantage is a Delaware corporation with offices at 1000 N. West Street #1200, Wilmington, Delaware 19801. It does business in Illinois. Its registered agent and office is Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

  12.  Advantage is engaged in the business of a debt buyer, claiming to acquire defaulted consumer debts originally owed to others and seeking to collect them.

  13.  Advantage regularly files collection lawsuits in the Illinois courts.

  14.  Advantage regularly uses the mails and telephones in conducting its business and in connection with collection lawsuits.

15. Advantage is a "debt collector" as defined in the FDCPA.

16. Defendants are under common management, in that:

    a. Leonard Pruzansky serves as (1) the Chairman and Chief Executive Officer and a Director of Advantage (2) Chairman and Chief Executive Officer and Secretary of LTD, Inc., and (3) an officer or manager of LTD, LP.

    b. Timothy Feldman is (1) the President, Chief Operating Officer and a Director of Advantage, (2) President of LTD, Inc., and (3) an officer or manager of LTD, LP.

17. LTD, LP acted as the agent of Advantage, with respect to the collection activities set forth herein.

18. Because of the overlap in management between LTD, LP and Advantage, the knowledge of LTD, LP is the knowledge of Advantage, and Advantage, has complete control over the actions of LTD Financial Services, LP, on Advantage accounts.

## FACTS

19. Prior to April 7, 2013, LTD, LP was retained by or on behalf of Advantage, to collect an alleged credit card debt from plaintiff.

20. Any such debt was incurred for personal, family or household purposes and not for business purposes.

21. On or about January 14, 2015, LTD, LP sent plaintiff the letter attached as Exhibit A.

22. The letter sought to collect a debt of $1639.61, which consists of both the principal and interest.

23. Exhibit A is a form letter.

24. Exhibit A states that "Whenever $600.00 or more of a debt is forgiven as a result of settling a debt for less than the balance owing, the creditor may be required to report the

3

amount of the debt forgiven to the Internal Revenue Service on a 1099C form, a copy of which would be mailed to you by the creditor. If you are uncertain of the legal or tax consequences, we encourage you to consult your legal or tax advisor."

25. This statement is false and misleading.

26. Under 26 C.F.R. §1.6050P-1(d)(2) and (3), only the discharge of principal need be reported:

> **(2) Interest. The discharge of an amount of indebtedness that is interest <u>is not required to be reported</u> under this section.**
>
> **(3) Non-principal amounts in lending transactions. In the case of a lending transaction, the discharge of an amount other than stated principal <u>is not required to be reported</u> under this section. For this purpose, a lending transaction is any transaction in which a lender loans money to, or makes advances on behalf of, a borrower (including revolving credits and lines of credit).**

27. It is thus entirely possible to forgive $600 or more of the debt and yet not be required to even file a 1099C.

28. In addition, people who "settling a debt for less than the balance owing" (as stated in <u>Exhibit A</u>) on their credit cards are unlikely to have income as a result of the settlement of a debt, in that such persons are likely to be insolvent (in their sense that their liabilities exceed their assets) and the discharge of indebtedness by someone who is insolvent is not income.

29. Defendant gives erroneous and/or incomplete tax advice to consumers.

30. The purpose and effect of the statement is to suggest to the unsophisticated consumer that failure to pay will get the consumer into trouble with the IRS.

## **VIOLATION ALLEGED**

31. The statement in the letter is false and misleading, and omits to state material facts, in violation of 15 U.S.C. §§1692e, 1692e(2), and 1692e(l0). *Good v. Nationwide Credit, Inc.*, No. 14-4295, 2014 WL 5422103 (E.D. Pa., Oct. 27, 2014); *Wagner v. Client Services, Inc.*, No. 08-5546, 2009 WL 839073, 2009 U.S. Dist. LEXIS 26604 (E.D.Pa., March 26, 2009); *Sledge v. Sands*, 182 F.R.D. 255 (N.D.Ill. 1998).

32. Section 1692e provides:

> **§ 1692e.    False or misleading representations [Section 807 of P.L.]**
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> **(2)    The false representation of--**
>
> **(A)    the character, amount, or legal status of any debt; . . .**
>
> **(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

## CLASS ALLEGATIONS

33. Plaintiff brings this claim on behalf of a class and subclass, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

34. The class consists of (a) all individuals with addresses in Illinois (b) to whom LTD, LP sent a letter containing the same statement about form 1099C as Exhibit A (c) which letter was sent at any time during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action. The subclass consists of class members where LTD, LP was acting on behalf of Advantage.

35. On information and belief, based on the use of a form letter by a large receivables management company on behalf of a large creditor and the presence of bar codes (required to qualify for a discount with the Postal Service when more than 500 similar mail pieces are sent), the class includes more than 40 persons, and is so numerous that joinder of all members is not practicable.

36. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendant's statement about 1099C filings is false or misleading, and violates the FDCPA.

5

37. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

38. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

39. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible;

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendants for:

    i. Statutory damages;

    ii. Attorney's fees, litigation expenses and costs of suit;

    iii. Such other and further relief as the Court deems proper.

                                      s/Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/Daniel A. Edelman